# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARITZA DIAZ,**

                    **Plaintiff,**

**-vs-**                                    **Case No.  6:05-cv-1608-Orl-22JGG**

**COMMISSIONER OF SOCIAL
SECURITY,**

                    **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT (Doc. No. 11)** |
| **FILED:** | **May 30, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff Maritza Diaz appeals to the district court from a final decision of the Commissioner of Social Security [the "Commissioner"] denying Plaintiff's application for disability insurance benefits. *See* Docket No. 1 (complaint). The Commissioner moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Alternately, Defendant moves for summary judgment pursuant to Fed. R. Civ. P. 56. Defendant's motion is based on the argument that

Plaintiff cannot state a claim because she failed to file her complaint within the statutorily prescribed time period.

## I.     THE LAW

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  They possess only those powers authorized by the Constitution and statute.  Courts must presume that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Id.*

This Court's jurisdiction to review decisions of the Commissioner is governed by 42 U.S.C. § 405, which provides in pertinent part that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  The Commissioner deems the claimant to have received notice of the Appeals Council's decision five days after the date of the decision. 20 C.F.R. §§ 404.901, 416.1401, 422.210(c).  Section 405(g) provides the sole avenue for judicial review of denials of Social Security claims, as Section 405(h)[1] precludes other bases of jurisdiction, such as federal-question jurisdiction. *Matthews v. Eldridge*, 424 U.S. 319, 327 (1976).[2]  Further, the 60-day limit of § 405(g) is in the nature

---

[1] 42 U.S.C. § 405(h) provides, in pertinent part, that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."

[2] Plaintiff cites 42 U.S.C. §405(g) and 52 U.S.C. § 1383(c)(3) as the basis for this Court's jurisdiction.  Docket 1 at ¶ 1.  52 U.S.C. § 1383 is nonexistent.

of a statute of limitations and, as a condition on the waiver of sovereign immunity, it must be "strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986).

A.    **Motion to Dismiss**

Federal Rule of Civil Procedure 12(b) allows a civil defendant to assert certain defenses to a complaint either in a responsive pleading or in a separate motion, at the defendant's option.  With respect to the defense of failure of the complaint to state a claim, Rule 12(b) provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Rule 56(b) provides that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

B.    **Standard of Review on Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).  The moving party bears the initial burden of showing the Court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986);  *Jeffery v. Sarasota White Sox*, 64 F.3d 590, 593-94 (11th Cir. 1995); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).  A moving party discharges its burden

on a motion for summary judgment by showing the Court that there is an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim. *Id*. When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing that there is a genuine issue for trial. *Id*. at 324.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989); *Samples on behalf of Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). The Eleventh Circuit has explained the reasonableness standard:

> in deciding whether an inference is reasonable, the Court must "cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness." [citation omitted]. The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they reasonably may be drawn from the facts. When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.

*Jeffery v. Sarasota White Sox*, 64 F.3d 590, 594 (11th Cir. 1995), quoting *WSB-TV v. Lee*, 842 F.2d 1266, 1270 (11th Cir. 1988).

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should

not grant the summary judgment motion. *Augusta Iron and Steel Works v. Employers Ins. of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. On a summary judgment motion the Court may not weigh the credibility of the parties. *See Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1531 (11th Cir. 1987). If the determination of the case rests on which competing version of the facts or events is true, the case should be presented to the trier of fact. *Id*.

II.   **ANALYSIS**

The Administrative Law Judge issued a notice of unfavorable decision on May 20, 2005. R. 8-21.[3] Plaintiff timely appealed the decision to the Appeals Council. R. 6-7. The Appeals Council issued its Notice of Appeals Council Action on August 16, 2005, in which it denied Plaintiff's request for review. R. 3-5. The Notice of Appeals Council Action informed Plaintiff that she had 60 days to file a civil action to ask for court review, and that the 60 day time period starts after she receives the letter. R. 4. Plaintiff was further informed that the Commissioner assumes the Notice of Appeals Council Action is received within five days after the date of the Notice, unless she shows that she did not receive it within the five-day period. R. 4. The Notice additionally informed Plaintiff that if she needed more than 60 days, she may request an extension of time from the Appeals Council upon a showing of good cause. R.4.

---

[3] "R." refers to the certified record of the entire administrative proceedings in Plaintiff's case, a paper copy of which was filed with the Court .

Plaintiff commenced her action by filing her complaint in district court on October 25, 2005. Docket 1.  Plaintiff's action, therefore, was filed 70 days after the date of the Notice of Appeals Council Action, and 65 days after she presumptively received the Notice.  The certified record of administrative proceedings contains no request for an extension of time to file in complaint in court.

Plaintiff has failed to timely respond to Defendant's motion.  Local Rule 3.01(b) provides that a party who opposes a motion shall file within 10 days a response that includes a memorandum of legal authority.  The Court did not alter the filing deadlines by entering a scheduling order in the case. As Defendant filed its motion on May 30, 2006, Plaintiff's response was due no later than June 13, 2006.

Because Defendant's motion relies on evidence outside of the pleading – the certified record of the administrative proceedings – the Court treats Defendant's motion as a motion for summary judgment.  Defendant's evidence establishes that Plaintiff failed to file her complaint in district court within 60 days as required by statute.  Given the untimeliness of Plaintiff's complaint, she cannot state a claim.  As Plaintiff failed to respond to the motion or rebut Defendant's evidence, there are no material issues of fact for trial.  Summary judgment in Defendant's favor is appropriate.

**IT IS THEREFORE RECOMMENDED THAT:**

1.      The Court **GRANT** Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment;

2.      The Court direct the Clerk to enter judgment in favor of Defendant and to close the case.

-6-

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking

the factual findings on appeal.

Recommended in Orlando, Florida on June 15, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Anne C. Conway
Counsel of Record